Filed 8/30/16  P. v. Nolan CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DANIEL NOLAN,<br><br>        Defendant and Appellant. | A148153<br><br>(Solano County<br>Super. Ct. No. FCR303866) |

Defendant Michael Daniel Nolan appeals an order revoking his probation and sentencing him to county jail. Defendant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record. Defendant was informed of his right to file a supplemental brief and did not do so. Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the order.

### Factual and Procedural Background

On September 30, 2014, defendant pled no contest to one felony count of receiving stolen property (Pen. Code,[1] § 496, subd. (a)). The court suspended imposition of sentence and, in accordance with the terms of the plea bargain, placed defendant on probation conditioned on spending 180 days in county jail, with three days credit for time served and the remaining 177 days also suspended.

---

[1] All statutory references are to the Penal Code.

1

On October 20, 2015, the district attorney filed a request to put the case on calendar for revocation of probation based on his recent arrest for disorderly conduct (§ 647, subd. (h)). The following evidence was presented at the contested probation revocation hearing:

On October 16, 2015, Mona Patterson reported to the county sheriff's department that the home of her recently deceased neighbor had been burglarized. About 11:35 p.m. the next night, Patterson and her husband saw two unfamiliar cars driving up the driveway of her neighbor's house. They reported the cars to the police and then used their vehicles to block the driveway so the two cars could not exit the property. While they waited for the sheriffs to arrive, they watched defendant load items from his trunk into the other car. Defendant stayed at the scene with his car until the police arrived, but the other vehicle drove through a field, a fence and a gate to exit the property.

Defendant testified that he mistakenly drove down the driveway thinking it was a through road and that he turned around when he realized he was on private property. He denied taking anything out of his car and placing it in his friend's car and claimed that he was searching his trunk looking for his cigarette lighter.

At the conclusion of the hearing, the court found defendant in violation of probation. The court refused to reinstate probation and sentenced defendant to the low term of 16 months in county jail based on his felony conviction for receiving stolen property.

Defendant timely filed a notice of appeal.

**Discussion**

Substantial evidence supports the court's finding that defendant violated the terms of his probation by failing to obey all laws, including section 647, subdivision (h), which prohibits one from "loiter[ing], prowl[ing], or wander[ing] upon the private property of another, at any time, without visible or lawful business with the owner or occupant." The trial court found defendant's explanation for why he was on the neighbor's property completely lacking in credibility and concluded, based on Patterson's "very credible" testimony, that defendant was there with the intent to commit a burglary. Given

defendant's five felony theft-related convictions between 2008 and 2014 and the nature of the probation violation, there was no abuse of discretion in the refusal to reinstate probation. Certainly there was no error in the court's lenient selection of the low-term sentence for defendant's felony conviction of receiving stolen property.

## Disposition

The order revoking probation and sentencing defendant to county jail is affirmed.


_____
Pollak, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.